Filed 1/20/16  P. v. Hicks CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE EDWARD HICKS,<br><br>        Defendant and Appellant. | B264512<br><br>(Los Angeles County<br>Super. Ct. No. VA074045) |

THE COURT:*

Defendant and appellant George Edward Hicks (defendant) appeals from the order denying his petition for resentencing under the provisions of Proposition 47 which reduce certain felony theft offenses to misdemeanors.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On November 5, 2015, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, including the materials reproduced in defendant's motion to augment the record, and finding no arguable issues, affirm the order.

---

*        ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

In 2003, defendant was convicted of petty theft with a prior theft conviction, in violation of Penal Code section 666.[1] In 2015, after the passage of Proposition 47, defendant filed a petition for recall of his sentence and reduction of his conviction to a misdemeanor.[2] (See, §§ 1170.18, 666.) The People opposed the petition alleging that defendant was ineligible for Proposition 47 relief due to a 2005 conviction of murder in Los Angeles Superior Court case No. BA275712.[3] On May 4, 2015, the trial court denied the petition upon finding that defendant was ineligible, as set forth in the People's opposition, in that defendant had a conviction for murder. Murder is an offense listed in section 667, subdivision (e)(2)(C)(iv), and thus renders defendant ineligible for Proposition 47 relief. (See § 1170.18, subd. (i).) Defendant filed a timely notice of appeal from the order.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order denying the petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Defendant's 2001 conviction of second degree burglary in violation of section 459 (Los Angeles Superior Court case No. BA223240) was the subject of another Proposition 47 petition, the denial of which is also before this court, in case No. B264688.

[3] We take judicial notice of the minute order dated August 8, 2011, reproduced in the motion to augment the record on appeal. The minute order concerns a proceeding after judgment, and reflects that defendant was convicted in 2005 of murder in that case.